IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| TESSEMA DOSHO SHIFFERAW | § | |
| | § | |
| Plaintiff, | § | Civil Action No. _____ |
| | § | |
| v. | § | |
| | § | |
| EMSON USA, E. MISHAN & SONS, | § | |
| INC., ACADEMY, LTD. d/b/a | § | |
| ACADEMY SPORTS & OUTDOORS | § | Jury Trial Requested |
| and AMAZON.COM, INC. | § | |
| Defendants. | § | |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff TESSEMA DOSHO SHIFFERAW ("Shifferaw") alleges the following in support of its complaint for patent infringement against Defendants EMSON USA, E. MISHAN & SONS, INC. (collectively "EMSON"), ACADEMY, LTD. d/b/a ACADEMY SPORTS & OUTDOORS ("Academy") and AMAZON.COM, INC., ("Amazon"):

### PARTIES

1. Plaintiff Shifferaw is an individual residing in California.

2. Defendant, EMSON USA is a corporation organized and existing pursuant to the laws of a state other than Texas, has not designated an agent or manager for the purpose of service of process in Texas, nor does it maintain a place of regular business with the state. Therefore, pursuant to the "Long-Arm Statute," Texas Civil Practice and Remedies Code §17, the Defendant has designated the Secretary of the State of Texas as its agent

for service of process. Service of Citation may be made by forwarding a copy of same to Defendant at its principal place of business at 230 Fifth Avenue, Ste. 800, New York, NY 10001.

3. Defendant E. MISHAN & SONS, INC. is a corporation organized and existing pursuant to the laws of a state other than Texas, has not designated an agent or manager for the purpose of service of process in Texas, nor does it maintain a place of regular business with the state. Therefore, pursuant to the "Long-Arm Statute," Texas Civil Practice and Remedies Code §17, the Defendant has designated the Secretary of the State of Texas as its agent for service of process. Service of Citation may be made by forwarding a copy of same to Defendant at its principal place of business at 230 Fifth Avenue, Ste. 800, New York, NY 10001.

4. Defendant ACADEMY, LTD. d/b/a ACADEMY SPORTS & OUTDOORS is a domestic limited partnership organized under the laws of Texas, having an office and place of business at 1800 North Mason Road, Katy, Texas, which is doing business and infringing Shifferaw's patent in the Western District of Texas and elsewhere in the United States. Defendant Academy may be served with process by and through its agent for service, to wit: M. Wade Turner, 1800 North Mason Road, Katy, Texas 77449.

5. Defendant AMAZON.COM, INC. is a corporation organized and existing pursuant to the laws of a state other than Texas, has not designated an agent or manager for the purpose of service of process in Texas, nor does it maintain a place of regular business with the state. Therefore, pursuant to the "Long-Arm Statute," Texas Civil Practice and

Remedies Code §17, the Defendant has designated the Secretary of the State of Texas as its agent for service of process. Service of Citation may be made by forwarding a copy of same to Defendant at is principal place of business; 1013 Centre Road, Wilmington, County of New Castle, State of Delaware 19805.

## JURISDICTION AND VENUE

6. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, including 35 U.S.C. §§ 271 and 281-285.

7. Jurisdiction is conferred on the Court pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. Venue is proper in this District under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).

9. Defendants transacted business and committed acts of infringement within the State of Texas and, more particularly, within this District, and are subject to the personal jurisdiction of this Court.

10. Defendants offered for sale, used, imported, and abdominal exercise devices in this District. Defendants reside in this District for purposes of venue, insofar as they are subject to personal jurisdiction in this district, have committed acts of infringement in this District, have sales representatives that solicit business in this District, provide services in or to this District, encourage others to participate infringing methods in this District, and conduct other business in this District.

11. The Court has personal jurisdiction over Defendants because each has established minimum contacts with the forum and the exercise of personal jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice.

## GENERAL ALLEGATIONS

12. Shifferaw owns intellectual property relating to certain abdominal exercise equipment. Shifferaw has expended considerable resources in inventing and developing his inventions and protecting his rights therein. Shifferaw holds all rights, title, and interest in an d to United States Patent Nos. 7,137,933 "Apparatus and methods for abdominal muscle and gluteal muscle exercise" and 6,716,144 "Abdominal exercise machine" (the "Patents"), which were duly and properly issued by the United States Patent & Trademark Office ("USPTO") on November 21, 2006 and April 6, 2004 in the name of Shifferaw. A copy of the Patents are attached as Exhibit A. The Patents are in full force and effect. Shifferaw is the legal owner of the Patents and possesses all rights of recovery under the patents.

## COUNT 1

### Infringement of the Patents

13. Shifferaw incorporates paragraphs 1-11 as though fully restated herein.

14. Shifferaw owns intellectual property relating to abdominal exercise equipment covered by the Patents and teaches and encourages customers to use the methods covered by the Patents.

15. Defendants are direct competitors of Shifferaw.

16. Defendants import, distribute, make, use, offer to sell and/or sell infringing products ("Accused Products") and encourage others to practice infringing methods that compete in the marketplace with products and methods embodying the Patents.

Defendants import, distribute, make, use, offer to sell and/or sell infringing products without authority or license from Shifferaw.

17. Defendants import, distribute, make, use, offer to sell and/or sell infringing products and encourage others to practice infringing methods in this District and elsewhere in the United States.

18. Defendants' activities directly infringe one or more claims of the Patents. Defendants contributorily infringed and are continuing to contributorily infringe one or more claims of the Patents by offering to sell and selling in the United States, and/or by importing into the United States, without authorization, components of the patented inventions constituting a material part of the invention, knowing the same to be especially made or adapted for use in an infringement of the Patents by others, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

19. Upon information and belief, Defendants knowingly induced infringement and are continuing to knowingly induce infringement of the Patents by specifically encouraging and inducing others to practice the patented inventions within the United States.

20. Upon information and belief, Defendants' infringement of the Patents has been and continues to be willful.

21. Shifferaw has been damaged as a result of Defendants' infringement of the Patents and will continue to be damaged unless such infringement is enjoined by this Court pursuant to 35 U.S.C. § 283.

22. Pursuant to 35 U.S.C. § 284, Shifferaw is entitled to damages adequate to compensate for the infringement in an amount not less than a reasonable royalty.

23. Defendants have been on actual notice of Shifferaw's claim for infringement, at the very latest, since the date Defendants were served with the Original Complaint.

24. Despite having notice of the Patents, Defendants intentionally continued infringing acts without justification, and therefore, is infringing willfully.

## JURY DEMAND

25. Plaintiff demands a trial by jury pursuant to Federal Rule of Civil Procedure 38.

## PRAYER FOR RELIEF

26. WHEREFORE, Shifferaw respectfully requests that the Court enter a judgment against Defendants as follows:

(a) Adjudicating that Defendants infringed and continue to infringe the Patents;

(b) That Defendants, their parents, affiliates, subsidiaries, officers, agents, servants, employees, attorneys, successors, assigns, and all those persons in active concert or participation with them, or any of them, be preliminary and permanently enjoined and restrained from making, importing, using, offering for sale, selling, or causing to be sold, any product falling within, or designed to conduct a method falling within, the scope of any claim of the Patents, or otherwise infringing or contributing to or inducing infringement of any claim of the Patents, because if injunctive relief is not granted Shifferaw will suffer irreparable harm;

(c) That Defendants, their parents, affiliates, subsidiaries, officers, agents, servants, employees, attorneys, successors, assigns, and all those persons in active concert or participation with them, or any of them, be ordered to destroy or offer up to

Shifferaw for destruction any and all products within the scope of any claim of the Patents that is within Defendants' possession, custody, or control;

(d) That Shifferaw be awarded damages, in an amount not less than a reasonable royalty, to be assessed by or under the Court's discretion, adequate to compensate Shifferaw for Defendants' infringement of the Patents, together with prejudgment and post-judgment interest;

(e) That the Court declares this to be an exceptional case pursuant to 35 U.S.C. § 285 and award Shifferaw his attorneys' fees;

(f) That Shifferaw recover from Defendants increased damages in the amount of three times the amount of Shifferaw' actual damages pursuant to 35 U.S.C. § 284 due to the willful and wanton nature of Defendants' infringement of the Patents;

(g) That Defendants be required to produce an accounting for sales and profits as a result of the infringement of the Patents;

(h) That Shifferaw recover from Defendants all costs incurred by Shifferaw in preparing for and pursing this action; and

(i) That Defendants be awarded all such other and further relief as the Court deems just and proper.

Respectfully submitted,

MOORE LANDREY, L.L.P.

_(signature)_

ETHAN L. SHAW
State Bar No. 18140480
JOHN P. COWART
State Bar No. 04919500
SCOTT C. KINSEL
State Bar No. 24038662
1609 Shoal Creek Blvd., Ste. 100
Austin, TX 78701
Telephone: (512) 499-8900
Facsimile: (512) 320-8906
Email: elshaw@moorelandrey.com
jcowart@moorelandrey.com
skinsel@moorelandrey.com


J. THOMAS RHODES, III
State Bar No. 16820050
FILEMON B. VELA, JR.
State Bar No. 20536025
RHODES & VELA
126 Villita Street
San Antonio, TX 78205
(210) 225-5251 Telephone
(210) 225-6545 Facsimile
Email: TrhodesIII@aol.com