IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| TESSEMA DOSHO SHIFFERAW | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 2:09cv54 |
| | § | |
| v. | § | |
| | § | |
| EMSON USA, E. MISHAN & SONS, | § | |
| INC., ACADEMY, LTD. d/b/a | § | |
| ACADEMY SPORTS & OUTDOORS | § | Jury Trial Requested |
| and AMAZON.COM, INC. | § | |
| Defendants. | § | |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO SEVER CLAIMS, MOTION TO TRANSFER VENUE TO THE SOUTHERN DISTRICT OF NEW YORK, AND STAY OR MOTION TO DISMISS THE CLAIMS AGAINST ACADEMY AND AMAZON

## TABLE OF CONTENTS

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

   I.   Severance is Not Warranted . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

        A.   Claims for Injunctive Relief Against Mishan Potentially
             Will Not Dispose of Plaintiff's Injunctive Claims
             Against Academy and Amazon Post *Ebay* . . . . . . . . . . . . . . . . . . 2

        B.   Claims Against Mishan Potentially Will Not Dispose
             Of Plaintiff's Willful Infringement Claims Against
             Academy and Amazon . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

   II.   The Defendants' Claims Should Not Be Transferred Under
      28 USC §1404(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

        A.   Recent Cases Involve Only Regional Claims Being Transferred . . . . . . . 4
        B.   The Standard for Transfer Under Section 1404(a) . . . . . . . . . . . . . . . . . 5
             1.   Whether the Plaintiff's Claims Could Have
                 Been Filed in the Southern District of New York . . . . . . . . . . . . . 6
             2.   Plaintiff's Choice of Forum . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
             3.   Private Interest Factors . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
                 a.   The Relative Ease of Access to Sources of Proof . . . . . . . 7
                 b.   The Availability of Compulsory Process to Secure
                     Witnesses' Attendance . . . . . . . . . . . . . . . . . . . . . . . . . . 8
                 c.   The Cost of Attendance for Willing Witnesses . . . . . . . . . 9
             4.   Public Interest Factors . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
                 a.   Administrative Difficulties . . . . . . . . . . . . . . . . . . . . . . . 11
                 b.   Local Interest in Having Local Issues Decided
                     At Home . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
                 c.   Familiarity with Governing Law and the Avoidance
                     Of Unnecessary Conflict of Law Problems . . . . . . . . . . . 13

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Plaintiff's Response in Opposition to Defendants' Motion to Sever Claims,
Motion to Transfer Venue to the Southern District of New York, and
Stay or Motion to Dismiss the Claims Against Academy and Amazon        i

## TABLE OF AUTHORITIES

**CASES**                                                                 **PAGE**

*Anaya v. Southwest District of the Bible Missionary Church, Inc.*,
    570 F. Supp. 2d 881, 884 (E.D. Tex. 2005) ................................... 10

*Corry v. Majestic*, 16 F. Supp. 2d 660, 664 (E.D. Va. 1998) ........................... 2

*Ebay Inc. et, al. v. Mercexchange, L.L.C.*, 547 U.S. 388 (2006) ....................... 2

*In re Genentech, Inc.*, 2009 U.S. App. LEXIS 10882 (Fed. Cir. May 22, 2009) ............ 5

*In Re TS Tech Corp.*, 551 F.3d 1315 (Fed. Cir. 2008) ....................... 5, 8, 9, 10, 12

*In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) .......................... 6, 10

*In re Volkswagen*, 545 F.3d 304, 315 (5th Cir. 2008) *(en banc)* ............... 7, 8, 9, 10, 12

*Invitrogen Corp. v. General Electric, Co.*, 2009 U.S. Distr. LEXIS 9113,
    at *14 (E.D. Tex. Feb. 9, 2009) (Love, J.) ................................... 8

*J2 Global Comm., Inc. v. Protus IP Solutions*, 2008 U.S. Dist. LEXIS 103609
    (E.D. Tex. Dec. 23, 2008) ................................................. 4, 5

*J2 Global Comm. Inc. v. Protus IP Solutions Inc.*, 2009 U.S. Dist.
    LEXIS 13210 *20 (E.D. Tex. Feb. 20, 2009) ................................... 4

*LG Electronics, Inc. v. Everex Systems et. al.*,
    2000 U.S. Dist. Lexis 20330 at *5 (E.D.Va. 2000) ........................... 1, 2

*MHL Tek, LLC v. Nissan Motor Co.*, 2009 U.S. Dist. LEXIS 13676 *25
    (E.D. Tex. Feb. 23, 2009) ................................................. 4, 5

*Network-1 Sec. Solutions, Inc. v. D-Link Corp.*, 433 F. Supp. 2d at 798 ............... 6, 10

*Novartis Vaccines & Diagnostics v. Hoffman-LaRoche*, 597 F. Supp. 2d 706, 711
    (E.D. Tex 2009) ........................................................ 4, 5, 7, 8, 10

*Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)) ........................... 5

Plaintiff's Response in Opposition to Defendants' Motion to Sever Claims,
Motion to Transfer Venue to the Southern District of New York, and
Stay or Motion to Dismiss the Claims Against Academy and Amazon    ii

*VCode Holdings, Inc. v. Cognex Corp.*, 2007 U.S. Dist. LEXIS 56672 *4
(E.D. Tex. 2007) ............................................................. 6

*Z-TEL Commc'ns, Inc. v. SBC Commc'ns, Inc.*, 331 F. Supp. 2d 567, 570
(E.D. Tex. 2004) ............................................................. 7, 9

## STATUES                                                            PAGE

28 U.S.C. §1404(a) ............................................. 1, 4, 5, 6, 10, 13, 14

Rule 45(b)(2) of the Federal Rules of Civil Procedure ................................. 8

Rule 45(c)(3) ................................................................. 8

Plaintiff's Response in Opposition to Defendants' Motion to Sever Claims,
Motion to Transfer Venue to the Southern District of New York, and
Stay or Motion to Dismiss the Claims Against Academy and Amazon                     iii

NOW COMES TESSEMA DOSHO SHIFFERAW ("SHIFFERAW"), plaintiff in the above-captioned matter, and hereby makes and files this Response in Opposition to Defendants'[1] Motion to Sever Claims, Motion to Transfer Venue to the Southern District of New York, and Stay or Motion to Dismiss the Claims Against Academy and Amazon (the "Motion"). [Dk. No. 23]. For the reasons set forth in more detail below, SHIFFERAW respectfully requests that the Court deny Defendants' Motion.

## INTRODUCTION

The Defendants' Motion to sever claims is an attempt by a sophisticated party to move the case to a favorable local venue, because Plaintiff Shifferaw has brought suit in Texas in a convenient venue with low travel costs, a fast docket, and judges who are highly sophisticated in deciding patent infringement cases.  Defendant Mishan is simply seeking to sever and transfer this case in order to vastly increase expenses for Plaintiff Shifferaw to try this suit.  This defense two step is only appropriate however, when: (1) the severed claim is peripheral to remaining claims; (2) adjudication of the remaining claims potentially disposes of the severed claim; and (3) *28 U.S.C. §1404(a)* warrants transfer of the remaining claims. *LG Electronics, Inc. v. Everex Systems et. al.*, 2000 U.S. Dist. Lexis 20330 at *5 (E.D.Va. 2000).  As shown below, the present case does not satisfy all three criteria, especially that adjudication of the remaining claims potentially disposes of the severed claim or that 1404(a) warrants transfer.  The Defendants' Motion should, then, in all things be denied.

---

[1] For ease of identification, the Defendants are designated as in Defendants' Motion.

Plaintiff's Response in Opposition to Defendants' Motion to Sever Claims,
Motion to Transfer Venue to the Southern District of New York, and
Stay or Motion to Dismiss the Claims Against Academy and Amazon                    1

## ARGUMENT

I.    **Severance is Not Warranted**

A.    **Claims for Injunctive Relief Against Mishan Potentially Will Not Dispose of Plaintiff's Injunctive Claims Against Academy and Amazon Post *Ebay*.**

This court is faced with the seemingly conflicting choices of: (i) severing the claim against Mishan from a seemingly "dispositive claim" against Academy, by granting Mishan's motion to transfer the case to New York, which will clearly place a much greater economic burden and inconvenience on Plaintiff Shifferaw; and (ii) denying the motion to sever and keeping the case together here, in this court, but which Mishan argues is inconvenient and "manifestly" unfair to Mishan. The decision to sever and transfer is within the discretion of this Court.

The deciding factor, which precludes severing claims, is that the litigation against Mishan will not dispose of any claim for an injunction against Academy and Amazon. Therefore, severing claims is not appropriate and, in reality, is apt to burden the judiciary of both Texas and New York with related litigation, will impose unfair economic burden and inconvenience on Plaintiff Shifferaw, and will require Shifferaw to retry the entire case against Academy in Texas in order to obtain a permanent injunction.

Seminal cases setting out the "sever and transfer" rule, such as *Corry v. Majestic,* 16 F. Supp. 2d 660, 664 (E.D. Va. 1998) and *LG Electronics v. Everex,* were both decided prior to the U.S. Supreme Court decision in *Ebay Inc. et, al. v. Mercexchange, L.L.C.,* 547 U.S. 388 (2006) . The decision in *Ebay* changed the general rule for issuing a permanent injunction in favor of a patent owner who prevails on claims for patent infringement, so that the issue must now be tried in equity. As a result, today, patent owners prevailing on a claim for patent infringement are no longer assumed

Plaintiff's Response in Opposition to Defendants' Motion to Sever Claims,
Motion to Transfer Venue to the Southern District of New York, and
Stay or Motion to Dismiss the Claims Against Academy and Amazon                    2

to be entitled to a permanent injunction as a matter of right. Shifferaw will not be able to walk into court in Texas, waive his decision from New York, and enjoin Academy from continuing its sales of infringing products. If the case remains in Texas, however, Shifferaw will be able to litigate this matter once, not twice. So, in this case, a direct consequence of adhering to the "sever and transfer" rule will be that Shifferaw will be forced to retry his case in Texas in order to obtain another injunction at least against Academy, because Academy admittedly is not subject to personal jurisdiction in New York. Severance then should be denied and the case should proceed to trial in the Eastern District as presently situated.

## B.   Claims Against Mishan Potentially Will Not Dispose of Plaintiff's Willful Infringement Claims Against Academy and Amazon.

Shifferaw will be forced to separately try his infringement lawsuit against Defendant Academy in the Eastern District of Texas, because it is alleged that Defendant Academy is engaged in acts of willful infringement, but Defendant Academy, upon information and belief, has not ceased sales of the infringing products and, therefore, is likely to be found to be engaging in acts of willful infringement. The facts giving rise to Defendant Academy's potential defenses to liability for willful infringement are personal to Defendant Academy, and arise solely in Texas, where all business records and witnesses on the issue of willfulness are located. Plaintiff Shifferaw will be forced to return to Texas and separately sue Defendant Academy for the acts of willful infringement. This is unnecessary, and weighs strongly against severing claims and transferring the case to New York.

Plaintiff's Response in Opposition to Defendants' Motion to Sever Claims,
Motion to Transfer Venue to the Southern District of New York, and
Stay or Motion to Dismiss the Claims Against Academy and Amazon                3

**II.  The Defendants' Claims Should Not Be Transferred Under 28 U.S.C. § 1404(a).**

   **A.  Recent Cases Involve Only Regional Claims Being Transferred.**

   Recent opinions denying transfer motions point to the lack of a regional geographic

focus in and around the proposed transferee forum to explain why that forum is not clearly more

convenient than the Eastern District. *See Novartis Vaccines & Diagnostics v Hoffman-LaRoche*, 597

F. Supp. 2d 706, 711 (E.D. Tex 2009), (denying motion where "the relevant proof in this case is

spread throughout the nation—as [the accused product] was developed in North Carolina, was

approved by the FDA in Washington D.C., is presently manufactured in Colorado and Michigan (and

Switzerland), and is sold throughout the United States"); *J2 Global Comm., Inc. v. Protus IP*

*Solutions*, 2008 U.S. Dist. LEXIS 103609 (E.D. Tex. Dec. 23, 2008) (*J2 Global I*). (explaining that

California was not a clearly more convenient forum than Texas in light of geographic spread of

witnesses between east and west coasts); *J2 Global Comm. Inc. v. Protus IP Solutions Inc.*, 2009

U.S. Dist. LEXIS 13210 *20 (E.D. Tex. Feb. 20, 2009) (*JS Global II*) (transfer to California would

not be more convenient given that the likely witnesses came from eighteen different states and

provinces and five additional nations beyond North America and distinguishing case from other

"cases where all of the parties and witnesses are localized in one general geographic area"); *MHL*

*Tek, LLC v. Nissan Motor Co.*, 2009 U.S. Dist. LEXIS 13676 *25 (E.D. Tex. Feb. 23, 2009)

(distinguishing *TS Tech* and denying transfer because case was not one "where all of the witnesses

are concentrated in one part of the country, close to the forum where transfer is sought"); *Id.* at 16

(noting that "four defendants reside in Germany, three in California, two in Japan, two in South

Plaintiff's Response in Opposition to Defendants' Motion to Sever Claims,
Motion to Transfer Venue to the Southern District of New York, and
Stay or Motion to Dismiss the Claims Against Academy and Amazon                                                    4

Korea, two in New Jersey, one each in Michigan, Tennessee, Alabama, Georgia, South Carolina, Indiana, and Virginia").

Applying these principles here, unless Defendants can show that this case is not a typical, nationwide patent case, the Motion to Transfer should be denied. Yet, Defendants' motion wholly fails to make any such showing. Indeed, Defendants fail to even address any of the recent precedents except for fleeting references to *In Re TS Tech Corp.*, 551 F.3d 1315 (Fed. Cir. 2008) and *In re Genentech, Inc.*, 2009 U.S. App. LEXIS 10882 (Fed. Cir. May 22, 2009) Def. Mot. pp 7-8. Defendants ignore that *TS Tech* and *In Re Genentech, Inc.* are distinguishable precisely because its holdings stemmed largely from the wholly regional character of the underlying cases. *See TS Tech*, 551 F.3d at 1320-21; *see also MHL* at *20-21 (distinguishing *TS Tech* on these grounds); *J2 Global II*, at *12 (same); *Novartis*, 597 F. Supp. at 713 (same); *In Re Genentech, Inc.*, at *14, 15. Far from being a localized dispute focused on the Southern District of New York, the present case has a nationwide scope.[2]

## B. The Standard for Transfer Under Section 1404(a)

Section 1404 states, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The Supreme Court has held that courts should adjudicate motions to transfer according to an "individualized case-by-case consideration of convenience and fairness." *Novartis*, 597 F. Supp. 2d at 709 (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).

---

[2]See Declaration of Edward I. Mishan, Para. 11.

The first determination to be made under Section 1404(a) is whether the claim could have been filed in the judicial district to which transfer is sought. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*"). If so, a court examines "the convenience of the parties and witnesses." *Id.* The convenience determination involves examining several private and public interest factors, none of which are given dispositive weight. *Id.*

The private factors include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure witnesses' attendance; (3) the willing witnesses' cost of attendance; and (4) all other practical problems that make the case's trial easy, expeditious, and inexpensive. *VCode Holdings, Inc. v. Cognex Corp.*, 2007 U.S. Dist. LEXIS 56672 *4 (E.D. Tex. 2007); *Network-1 Sec. Solutions, Inc. v. D-Link Corp.*, 433 F. Supp. 2d at 798. The public factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having local issues decided at home; (3) the forum's familiarity with the governing law; and (4) the avoidance of unnecessary conflict of law problems involving foreign law's application. *VCode Holdings, Inc.* at *4-5.

## 1.    Whether The Plaintiff's Claims Could Have Been Filed in the Southern District of New York

Setting the question of severance aside, the Court must satisfy itself that this action initially could have been brought in the Southern District of New York. To do this, Defendants must establish that all Defendants in the instant action would have been subject to personal jurisdiction in New York. The record before the Court contains no assertions, and certainly no facts, to support such a finding. In fact, the Defendants concede that Defendant Academy could not be a party to the litigation in New York due to lack of personal jurisdiction. The absence of such evidence – a burden

Plaintiff's Response in Opposition to Defendants' Motion to Sever Claims,
Motion to Transfer Venue to the Southern District of New York, and
Stay or Motion to Dismiss the Claims Against Academy and Amazon                6

placed upon Defendants as movants – is fatal to Defendants' motion to transfer. *See Z-TEL Commc'ns, Inc. v. SBC Commc'ns, Inc.*, 331 F. Supp. 2d 567, 570 (E.D. Tex. 2004) (movant bears the burden of proof in demonstrating that transfer is warranted).

### 2.   Plaintiff's Choice of Forum

Shifferaw chose to file this suit in the Eastern District of Texas, and that choice is entitled to some deference. *In re Volkswagen*, 545 F.3d 304, 315 (5th Cir. 2008) *(en banc)* (*"Volkswagen II"*). As the Fifth Circuit recently stated, "when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *Id.*

### 3.   Private Interest Factors

#### a.   The Relative Ease of Access to Sources of Proof

Defendant Mishan purports to be headquartered in New York, New York and alleges that virtually all of its documentary and non-documentary physical and electronic evidence is located in New York. Defendant Mishan only discloses half the story.

None of Shifferaw's documents or physical evidence is located anywhere near the Southern District of New York. Rather, Shifferaw's documents are maintained in California and the location of these documents is much more convenient to this district than to the Southern District of New York. Decl. of Tessema Dosho Shifferaw, paras. 5-6. Indeed, one could argue that the Southern District of New York is the least convenient forum in the continental United States for California-based Shifferaw. Not only are the Shifferaw documents in California more conveniently located to this District, but this Court's central location represents a convenient forum for litigants located on opposite coasts. *See Novartis*, 597 F. Supp. 2d at 711. The great geographic distance between

Plaintiff's Response in Opposition to Defendants' Motion to Sever Claims,
Motion to Transfer Venue to the Southern District of New York, and
Stay or Motion to Dismiss the Claims Against Academy and Amazon                                          7

Defendant Mishan's evidence and Shifferaw's evidence easily distinguishes the facts here from those at issue in the Federal Circuit's opinion in *In re TS Tech USA Corporation*. In that case, "*all of the physical evidence*, including the headrests and the documentary evidence, [was] far more conveniently located near the [transferee] venue." *In Re Tech*, 551 F3d at 1321 (emphasis added). That is clearly not the case here. Accordingly, this factor does not weigh in favor of transfer. *See Novartis*, 597 F. Supp. 2d at 712 (distinguishing that case from *TS Tech* and *Volkswagen II* along similar lines).

In this case, even at this early date, sources of proof may originate from New York, California, Florida, Texas, and presumably China, making this factor at best a "neutral" in a 1404 transfer analysis. *See Novartis*, 597 F. Supp. At 711 (Folsom, J.) (holding that this factor does not weigh in favor of transfer because "[t]he sources of proof in this case are many and are spread across the nation."); *Invitrogen Corp. v. General Electric, Co.*, 2009 U.S. Dist. LEXIS 9113, at *14 (E.D. Tex. Feb. 9, 2009) (Love, J.) (holding that this factor is neutral because destination venue would be more convenient for some sources of proof, but less convenient for others). Because the sources of proof originate from varied locations across the country and the globe, this factor is, at best, neutral.

b.    **The Availability of Compulsory Process to Secure Witnesses' Attendance**

Defendants assert that it is not aware of "third party witnesses exclusively within the power of this Court." Plaintiff responds that because their businesses are based in California, non-party witnesses are just as likely to come from that location. Rule 45(b)(2) of the Federal Rules of Civil Procedure governs the places where a subpoena may be served. A court's subpoena power is subject to Rule 45(c)(3), which protects non-party witnesses who live or work more than 100 miles from the

Plaintiff's Response in Opposition to Defendants' Motion to Sever Claims,
Motion to Transfer Venue to the Southern District of New York, and
Stay or Motion to Dismiss the Claims Against Academy and Amazon                                    8

courthouse. *Volkswagen II,* 545 F.3d at 304. Here, again unlike *Volkswagen II* and *TS Tech,* it is clear that neither this District, nor the Southern District of New York, has absolute subpoena power over all potential non-party witnesses.

To the extent that non-party witnesses may need to be compelled to attend trial, they are likely to be located in New York or California. In *Volkswagen II,* all non-party witnesses were subject to the subpoena power of the destination venue. *Id.* ("a proper venue that does enjoy *absolute* subpoena power for both depositions and trial . . . is available"). The Southern District of New York would enjoy subpoena power over some potential non-party witnesses. However the Southern District of New York would not have subpoena power over other potentially significant non-party witnesses in California. This factor is neutral.

### c.   The Cost of Attendance for Willing Witnesses

As is the case with Defendant Mishan's argument regarding sources of proof, Defendants' argument regarding the attendance of willing witnesses ignores the fact that Shifferaw's party witnesses are located in California. Decl. Of Tessema Dosho Shifferaw, para. 5. "As the party seeking transfer, Defendant must clearly specify the key witnesses to be called and make a general statement of what their testimony will cover." *Z-Tel Commc'ns,* 331 F. Supp. 2d at 574. Mishan has identified only two such witnesses, both of which are party witnesses. The Defendants' Motion provides no information regarding their testimony. While litigating this case in the Southern District of New York would likely be more convenient for these two New York based party witnesses, transferring the case to that distant location would be extremely inconvenient to Shifferaw's witnesses. Simply shifting inconvenience from Mishan to Shifferaw – particularly when the increase

Plaintiff's Response in Opposition to Defendants' Motion to Sever Claims,
Motion to Transfer Venue to the Southern District of New York, and
Stay or Motion to Dismiss the Claims Against Academy and Amazon                    9

in inconvenience for Shifferaw would be so dramatic – is not appropriate under Section 1404(a). *See, e.g., Anaya v. Southwest District of the Bible Missionary Church, Inc.*, 570 F. Supp. 2d 881, 884 (E.D. Tex. 2005) (holding that court should not transfer venue where result will merely shift expense and inconvenience from one party to the other). As explained by this Court, "a patent case typically involves gathering witnesses, documents, and experts from all over the country, and often the world. Texas is centrally located in the United States and is suitably placed to be convenient for witnesses throughout the country." *Network-1 Sec. Solutions, Inc. v. D-Link Corp.*, 433 F. Supp. 2d 795, 802 (E.D. Tex. 2006); *see also Novartis*, 597 F. Supp. 2d 706. Likely, as this case develops and the parties amass fact and expert witnesses from across the nation, Texas's central location will prove to assuage, rather than exacerbate, the cost of obtaining the attendance of witnesses. For each of these reasons, this factor does not weigh in favor of transfer.[3]

The Fifth Circuit has established a "100-mile" rule, which sets forth that when the distance between an existing and proposed venue under section 1404(a) is more than 100 miles, the factor of inconvenience to the witnesses increases in direct relationship to the additional distance to be traveled. *Volkswagen II*, 545 F.3d at 317 (affirming 100-mile rule adopted by *In re Volkswagen AG ("Volkswagen I")*, 371 F.3d 201 (Fed. Cir. 2004)); *TS Tech*, 551 F.3d at 1320. This is because it is more convenient for witnesses to testify at home and additional distance means additional travel time, which increases the probability for meal, lodging expenses, and time spent away from regular employment. *Volkswagen II*, 545 F.3d at 317.

---

[3]With regard to this factor, the Federal Circuit has noted the importance of fact witnesses when considering this factor. *TS Tech*, 551 F.3d at 1320.

Plaintiff's Response in Opposition to Defendants' Motion to Sever Claims,
Motion to Transfer Venue to the Southern District of New York, and
Stay or Motion to Dismiss the Claims Against Academy and Amazon          10

If trial is held in this District, witnesses from within the country will be forced to travel from as far as California and New York—about 1500 miles from both locations. If the case is transferred to the Southern District of New York, witnesses from California (Plaintiff) will be forced to travel to New York —approximately 2900 miles. Witnesses from outside the country will be forced to travel even further.

In sum, with respect to the private interest factors, Defendants argue principally that the existence of a few party witnesses justify transfer. When scrutinizing these possible witnesses, however, it is clear that none of what Defendants offer comes close to the required showing for transferring a case. For example, aside from the party witnesses, the Defendants mention only one other witness, the alleged co-designee of the infringing product. This witness apparently lives in China. Def. Mot, p. 4 (fn.5). For the rest of the Defendants' employees, Defendant fails to provide their name, specific location, job title, and evidence regarding concrete, expected testimony, much less any tie between the testimony and the patents in suit. Finally, the named witnesses, and the various unnamed employees are all within Defendants' control, and their convenience should be given little weight in the transfer analysis.

### 4.   Public Interest Factors

#### a.   Administrative Difficulties

Defendant Mishan does not cite to any information suggesting that the Shifferaw-Mishan case is likely to make it to trial faster in the Southern District of New York than it will in this district. In fact, the opposite is likely the case, as Shifferaw and Mishan will have to wait for the logistics of

Plaintiff's Response in Opposition to Defendants' Motion to Sever Claims,
Motion to Transfer Venue to the Southern District of New York, and
Stay or Motion to Dismiss the Claims Against Academy and Amazon                    11

the transfer process to work themselves out and then begin the scheduling process all over again to conform with the Local Rules and Local Patent Rules in the Southern District of New York.

In addition, if the Court were to transfer only the Shifferaw- Mishan claims, this Court – as well as the Southern District of New York – would both have to conduct their own legal proceedings, Markman hearings, and trials. Thus, even if Mishan's claims would get to trial sooner in New York than in Texas – and that is far from certain – both courts would be forced to litigate cases involving identical factual and legal issues. Therefore, this factor weighs heavily against a transfer.

### b.    Local Interest in Having Local Issues Decided at Home

Shifferaw has no presence in New York. Moreover, Defendants have confirmed that allegedly infringing products are sold in the Eastern District of Texas and throughout the nation.   Decl. Of Edward I. Mishan. para. 11. Furthermore, the findings cited repeatedly by the Defendants from the *Volkswagen II* case and the *TS Tech* case are simply not applicable to the factual circumstances at issue here. Both of those case involved circumstances where the majority of the physical evidence and witnesses were focused in a certain district or region. *See Volkswagen II*, 545 F.3d at 315-16; *TS Tech*, 551 F.3d at 1320, 1321. That is obviously not the case here, where the sources of proof are spread across the country. As a result, it simply cannot be said that New York has a more compelling interest in deciding the issues in this case.

In addition, although Mishan maintains that evidence relating to its products is based in New York, Mishan tells us virtually nothing about the design and development of these products, other than they were partially designed by a resident of China.  Mishan provides no further details as to

Plaintiff's Response in Opposition to Defendants' Motion to Sever Claims,
Motion to Transfer Venue to the Southern District of New York, and
Stay or Motion to Dismiss the Claims Against Academy and Amazon                    12

what this means or what other entities, if any were involved in the development and design process, including Academy or Amazon. Accordingly, at best this factor is neutral with respect to Section 1404(a) transfer analysis.

### c.   Familiarity with Governing Law and the Avoidance of Unnecessary Conflict of Law Problems

Neither the familiarity of the governing law factor nor the avoidance of unnecessary conflict of law problems factor supports the transfer of this case to New York. This Court is well versed in patent law, and state law is not implicated.

In sum, even if the Court were to grant Defendants' Motion to Sever Plaintiff's claims from this litigation, Defendants cannot show that the Southern District of New York is clearly a more convenient forum for those claims, as is required for transfer under 28 U.S.C. § 1404(a). Indeed, Defendants' Motion actually creates lawsuits and increases the costs and inconvenience to Shifferaw and non-party witnesses while creating unnecessary burdens on the judicial system. Simply stated, the Defendants' Motion immediately runs afoul of both the language of Section 1404(a) and the policies behind it, which emphasize convenience and fairness.

### CONCLUSION

Defendants' request to sever the Shifferaw claims and transfer them to the Southern District of New York would result in duplicative lawsuits involving identical legal and factual issues, would raise the risk of inconsistent verdicts, and would dramatically increase the inconvenience to Shifferaw and its witnesses. Such a result runs directly contrary to the policies behind joinder (judicial economy) and Section 1404(a) transfer (convenience and fairness), and would therefore be

Plaintiff's Response in Opposition to Defendants' Motion to Sever Claims,
Motion to Transfer Venue to the Southern District of New York, and
Stay or Motion to Dismiss the Claims Against Academy and Amazon          13

improper under the Federal Rules and 28 U.S.C. § 1404(a). In light of this, Shifferaw respectfully

requests that Defendants' motion for severance and transfer be denied.

Respectfully submitted,

MOORE LANDREY, L.L.P.

_/s/ Ethan L. Shaw_
ETHAN L. SHAW
State Bar No. 18140480
JOHN P. COWART
State Bar No. 04919500
1609 Shoal Creek Blvd., Ste. 100
Austin, TX 78701
Telephone: (512) 499-8900
Facsimile: (512) 320-8906
Email: elshaw@moorelandrey.com
jcowart@moorelandrey.com

J. THOMAS RHODES, III
State Bar No. 16820050
RHODES & VELA
126 Villita Street
San Antonio, TX 78205
(210) 225-5251 Telephone
(210) 225-6545 Facsimile
Email: TrhodesIII@aol.com

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(h), counsel for Plaintiff, Ethan Shaw, spoke with counsel for
Defendants, Wesley Hill, and was informed that opposing counsel is opposed to the relief requested
herein. Accordingly, this matter is submitted to the Court for determination.

_/s/ Ethan L. Shaw_
ETHAN L. SHAW

Plaintiff's Response in Opposition to Defendants' Motion to Sever Claims,
Motion to Transfer Venue to the Southern District of New York, and
Stay or Motion to Dismiss the Claims Against Academy and Amazon                    14

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served to all counsel of record via the Court's electronic delivery system and/or U.S. mail this 10th day of July, 2009.


*/s/ Ethan L. Shaw*
ETHAN L. SHAW

Plaintiff's Response in Opposition to Defendants' Motion to Sever Claims,
Motion to Transfer Venue to the Southern District of New York, and
Stay or Motion to Dismiss the Claims Against Academy and Amazon                                    15