# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| TESSEMA DOSHO SHIFFERAW, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CASE NO. 2:09-CV-54-TJW-CE |
| | § | |
| EMSON USA, E. MISHAN & SONS, | § | |
| INC., ACADEMY, LTD. d/b/a | § | |
| ACADEMY SPORTS & OUTDOORS | § | |
| and AMAZON.COM, INC., | § | |
| | § | |
| *Defendants*. | § | |

## **MEMORANDUM OPINION AND ORDER**

Before the court is the defendants' Motion to Sever Claims against the defendant E. Mishan & Sons, Inc., transfer those claims to the Southern District of New York, and stay or dismiss the claims against the defendants Academy and Amazon (Dkt. No. 23). This is an unusual case because the court normally denies such severance and transfer requests. In most instances, the interests of justice would not be favored by such a severance and transfer. *See, e.g., Adrain v. Genetec, Inc.*, 2009 WL 3063414 (E.D. Tex. Sept. 22, 2009); *Coll v. Abaco Operating LLC*, 2009 WL 2857821 (E.D. Tex. Sept. 1, 2009). However, based on the particular facts and circumstances of this case, the court GRANTS the defendants' motion for the following reasons.

## I.    BACKGROUND

The plaintiff Tessema Dosho Shifferaw ("Shifferaw") brings this patent infringement lawsuit alleging that defendants E. Mishan & Sons, Inc. ("Mishan"), Academy, Ltd. d/b/a Academy Sports & Outdoors ("Academy"), and Amazon.com, Inc. ("Amazon") (collectively

"defendants")[1] infringe U.S. Patent Nos. 7,137,933 ("the '933 patent") and 6,716,144 ("the '144 patent"). This case is primarily a patent infringement dispute between the plaintiff Shifferaw, a California patent owner, and the defendant Mishan, a New York company. The two remaining defendants, Academy and Amazon (collectively "Retailer Defendants"), are involved in this action because they are retail sellers of the accused products. The defendant Amazon is a Delaware Corporation, with its principal place of business in Seattle, Washington. The defendant Academy is a domestic limited partnership organized under the laws of Texas, with its principal place of business in Texas. The accused product is the Ab Rocket abdominal exercise machine (the "Ab Rocket") designed by Edward and Steven Mishan, both principals of the defendant Mishan.

The defendants jointly request, pursuant to Fed. R. Civ. P. 21 and 28 U.S.C. § 1404(a), that the claims against Mishan be severed from claims against the Retailer Defendants, so that the claims against Mishan may be transferred to the Southern District of New York and the remaining claims against Amazon and Academy be stayed pending resolution of the transferred claims.[2] Mishan has indemnified and is funding the defense of both Amazon and Academy. Further, counsel for the defendants represents that Academy and Amazon will file an appropriate stipulation with the court agreeing to be bound by the rulings of the New York court.

## II. LEGAL STANDARD

Rule 21 of the Federal Rules of Civil Procedure allows the court to sever any claim against a party. FED. R. CIV. P. 21. The district court has broad discretion when deciding whether to

---

[1] Plaintiff also named "Emson USA" as a defendant in the complaint. However, Defendants have stated in their answer and brief that no such entity exists, which the Plaintiff has not contested.

[2] Defendants admit that Academy has no contacts with the Southern District of New York and that Plaintiff does not have personal jurisdiction over Academy in that district. Thus, Academy cannot be transferred to that court.

sever. *Anderson v. Red River Waterway Comm'n*, 231 F.3d 211, 214 (5th Cir. 2000). Courts have found that, in situations similar to the circumstances existing in this case, severance may be permitted if three factors are met: (1) whether the remaining claims are peripheral to the severed claims; (2) whether adjudication of the severed claims would potentially dispose of the remaining claims; and (3) whether the § 1404(a) factors warrant transfer of the severed claims. *See Toshiba Corp. v. Hynix Semiconductor, Inc.*, 2005 WL 2415960, at *4-7 (N.D. Tex. Sept. 30, 2005); *Koh v. Microtek Int'l, Inc.*, 250 F. Supp. 2d 627, 632 (E.D. Va. 2003); *LG Elecs., Inc. v. First Int'l Computer, Inc.*, 138 F. Supp. 2d 574, 584 (D.N.J. 2001); *LG Elecs., Inc. v. Asustek Computers*, 126 F. Supp. 2d 414, 421-22 (E.D. Va. 2000).

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The district court has "broad discretion in deciding whether to order a transfer." *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998) (quoting *Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir. 1987)).

The Fifth Circuit has recently enunciated the standard that district courts in this circuit should apply in deciding motions to transfer venue. *In re Volkswagen of Am., Inc.*, 545 F.3d 304 (5th Cir. 2008) (en banc). The court ruled that "§ 1404(a) venue transfers may be granted 'upon a lesser showing of inconvenience' than *forum non conveniens* dismissals" and that "the burden that a moving party must meet to justify a venue transfer is less demanding than that a moving party must meet to warrant a *forum non conveniens* dismissal." *Id*. at 314 (citing *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955)). The Fifth Circuit held that the moving party bears the burden of showing "good cause," which is satisfied when "the movant demonstrates that the transferee venue is clearly more convenient." *Id*. at 315.

The court noted, however, that the relevant factors to be considered when ruling on a § 1404(a) motion are the same as those in the *forum non conveniens* context. *Id.* at 314 n.9 (citing *Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.,* 321 F.2d 53, 56 (5th Cir. 1963)). These include both private and public interest factors. *Id.* at 315. The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* (quoting *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)). The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized controversies decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id.* (citing *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)). These factors are not necessarily exhaustive or exclusive, and none can be said to be of dispositive weight. *Id.* (citing *Action Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004)). In *Volkswagen*, the Fifth Circuit also opined on the weight to be given to the plaintiff's choice of forum and held that the movant's "good cause" burden reflects the appropriate deference to this factor. *Id.*

## III. DISCUSSION

### A. Severance

The defendants argue that the court should sever the claims against Mishan so that these claims may be transferred. The defendants argue that severing Shifferaw's claims against Mishan from the Retailer Defendants is appropriate because Mishan is the real party in interest in this case. Mishan designed, manufactures, and imports the accused product, and it is the only entity that is

authorized to sell the accused product to retailers in the U.S. The defendants argue that neither Shifferaw nor Mishan have any significant ties to this jurisdiction. Based upon factors identified by prior courts in determining whether to sever, the defendants argue that Shifferaw's claims against the Retailer Defendants are peripheral to its claims against Mishan, that adjudication of the claims against Mishan may potentially dispose of the claims against the Retailer Defendants, and that transfer of Shifferaw's claims against Mishan to the Southern District of New York is warranted under 28 U.S.C. § 1404(a). According to the defendants, Shifferaw does not contest that neither he nor Mishan have any significant ties to this district, that the majority of witnesses and physical and documentary evidence are located in New York, and that the Retailer Defendants are only peripherally involved in this case, solely by virtue of their sale of Mishan's products. The defendants argue that the Retailer Defendants will stipulate with the court that they agree to be bound by the rulings of the New York court, and thus any of the plaintiffs' arguments about a "retry" of litigation are moot.

In response, the plaintiff argues that severance is not warranted because adjudication of the claims against Mishan will not potentially dispose of the severed claim against the Retailer Defendants and that transfer is not appropriate under § 1404(a).[3] Shifferaw argues that the litigation against Mishan will not dispose of any claim for an injunction against the Retailer Defendants. Specifically, Shifferaw contends that he will have to retry the entire case against the Retailer Defendants in Texas to obtain a permanent injunction against them. The plaintiff also argues that severance is not warranted because claims against Mishan will not dispose of the willful infringement claims against the Retailer Defendants. Specifically, Shifferaw contends that the facts giving rise to the Retailer Defendants' potential defenses to willful infringement are

---

3 The plaintiff's facts and arguments against transfer are discussed in the following section.

personal to the Retailer Defendants, and as to Academy, arise solely in Texas. Thus, Shifferaw argues that he will have to sue the Retailer Defendants separately for the acts of willful infringement.

The court concludes that, based upon the facts and circumstances of this case, it should sever the claims against Mishan. The court finds that Shifferaw's claims against the Retailer Defendants are peripheral to the claims against Mishan. *See Toshiba*, 2005 WL 2415960, at *4-6. Where a single manufacturer is the only entity in the U.S. who makes and sells the only accused product to retailers, a patent infringement claim against a retailer is peripheral to the claims against the manufacturer. *See id.*; *see also LG Elecs.*, 126 F. Supp. 2d at 422. Shifferaw has presented no evidence, nor does he even argue, that the Retailer Defendants had any role in the design or manufacture of the accused products. Here, Mishan designed, manufactures, and imports the Ab Rocket product and sells it to retailers such as Amazon and Academy. All of these activities are orchestrated from its New York office. Amazon and Academy are only peripherally involved, with their only relevant conduct being the resale of products purchased from Mishan. Indeed, Mishan has indemnified and is funding the defense of both Amazon and Academy.

Severance is also appropriate because adjudication of the remaining claims against Mishan would likely dispose of Shifferaw's claims against the severed defendants. *See Toshiba*, 2005 WL 2415960, at *4-6; *see also LG Elecs.*, 126 F. Supp. 2d at 422. In this case, the Retailer Defendants could only be found liable if the patent infringement claims against Mishan are resolved in favor of the plaintiff. *Id.* If Mishan is not found liable, then Shifferaw has no claims against the Retailer Defendants. *See LG Elecs.*, 126 F. Supp. 2d at 422. If Mishan is found liable and Shifferaw collects damages from Mishan, then the plaintiff cannot then in turn collect damages from the Retailer Defendants, because Shifferaw cannot receive a double recovery for the

same sales.  *See id.*  Further, the fact that the Retailer Defendants will stipulate that they will be bound by the rulings by the Southern District of New York court in the case against Mishan weighs heavily towards a finding that adjudication of the claims against Mishan would likely dispose of the rest of the case.  *See LG Elecs.,* 138 F. Supp. 2d at 585 (finding that adjudication of claims against principal defendants may well dispose of claims against peripheral defendant because, in part, peripheral defendant agreed to be bound by the results of the disposition of the claims against the principal defendants in the transferee court).  Although the plaintiff may have to present evidence of willful infringement against the two retailers, this is not a case where severance will create multiple lawsuits that have to be developed in their entirety.  This is also not a case where severance will impose a significant burden on the plaintiff, witnesses, or the federal court system.  Finally, there is no risk of inconsistent claim construction and adjudication by multiple courts.  In this case, the Retailer Defendants are not so involved in the controversy to be transferred that partial transfer would require the same issues to be litigated in two places.

The court also finds that, as detailed below, a transfer of the claims against Mishan is appropriate to the Southern District of New York.  Thus, the court finds that severance of the claims as to the primary party in interest in this lawsuit, Mishan, is warranted.  Further, the court finds that in the interests of justice, the claims in this court against the Retailer Defendants should be stayed pending resolution of the action against Mishan in the transferred case.  *See Toshiba*, 2005 WL 2415960, at *8; *LG Elecs.,* 138 F. Supp. 2d at 593; *Koh*, 250 F. Supp. 2d at 641.

**B.  Transfer**

Because the court has found that severance is proper as to Mishan, the court analyzes whether transfer of the claims against Mishan is appropriate.  The parties do not dispute that claims against Mishan for patent infringement could have been brought in the Southern District of

New York. The court finds that, based upon the factors analyzed below, venue transfer is appropriate.

1. **Private Factors**

   a. **Convenience of the parties and witnesses and costs of attendance for witnesses**

The court will first assess the convenience of the parties involved. Shifferaw filed suit in the Marshall Division of the Eastern District of Texas. Shifferaw is an individual residing in California. Mishan is a family-owned business located and incorporated in New York. Although Mishan sells and distributes the Ab Rocket nationally, neither of the parties has any significant ties to this judicial district. Although the Southern District of New York would be no more convenient for the plaintiff than this district, it would be much more convenient for Mishan.

Next, the court considers the convenience of witnesses. The Fifth Circuit has established a threshold of 100 miles when giving substantial weight to this factor. *See In re Volkswagen*, 371 F.3d at 204-05 ("When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be travelled."). The court reasoned that "[a]dditional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment." *Id.* Mishan has approximately fifty employees, all but one of whom are employed at the company's New York City office. Specifically, both Edward Mishan and Steven Mishan, designers of the Ab Rocket, work out of Mishan's New York office. Mishan does not have any offices, agents, or employees in Texas. Shifferaw also has no employees or witnesses in Texas, and the attorneys that prosecuted the patents-in-suit are located in California. Mr. Chih-Liang Chen, a Chinese resident,

has been identified as a potential third party witness, but travel to this district as compared to the Southern District of New York would be just as convenient for Mr. Chen. The court finds that the Southern District of New York would be more convenient for the parties' witnesses than this District.

Therefore, the court finds that this factor favors transfer.

### b. The relative ease of access to sources of proof

Although access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments, access to sources of proof is still relevant and cannot be read out of the § 1404(a) analysis. *In re Volkswagen*, 545 F.3d at 316. Shifferaw has no documents located in Texas and maintains his documents in California. The plaintiff alleges, without support, documentation, or specificity, that sources of proof "may originate" from New York, California, Florida, Texas, and, presumably, China. Mishan maintains all of its documents, both hard copy and electronic, in New York. These Mishan documents include documents related to the design, development, importation, sale, and distribution of the accused products, as well as the company's records in general, its financial records, and sales records.

Therefore, the court finds that this factor favors transfer.

### c. The availability of compulsory process to secure the attendance of witnesses

Federal Rule of Civil Procedure 45(b)(2) governs the places where a subpoena issued by a court of the United States may be served. A court's subpoena power is subject to Rule 45(c)(3)(A)(ii), however, which protects nonparty witnesses who work or reside more than 100 miles from the courthouse. *See In re Volkswagen*, 545 F.3d at 316. The parties have not identified any third party witnesses over which the Southern District of New York would have subpoena power as compared to this district. Therefore, the court finds this factor is neutral as to

transfer.

### d. All other practical problems that make trial of a case easy, expeditious and inexpensive

The court is unaware of any practical problems that would arise from transferring or retaining this case. Therefore, the court finds this factor is neutral as to transfer.

## 2. Public Interest Factors

### a. The administrative difficulties flowing from court congestion

The court is unaware of any administrative difficulties that would arise from transferring or retaining this case. Therefore, the court finds this factor is neutral as to transfer.

### b. The local interest in having localized controversies decided at home

Transfer is appropriate where none of the operative facts occurred in the division and where the division had no particular local interest in the outcome of the case. *See In re Volkswagen*, 545 F.3d at 318. None of the underlying actions in this case occurred in this district. In contrast, Mishan is located in the Southern District of New York, and almost all of its employees are located in New York, and substantially all of Mishan's underlying actions to this suit originated in New York. Therefore, the court finds that this factor favors transfer.

### c. The familiarity of the forum with the law that will govern the case

The proposed transferee forum is familiar with the law that could govern this case. This court is familiar with that law as well. Therefore, the court finds this factor is neutral as to transfer.

### d. The avoidance of unnecessary problems of conflicts with laws

The court finds that this factor is inapplicable in this transfer analysis.

## IV. CONCLUSION

The court has carefully reviewed the facts and applicable law regarding the defendants'

10

motion to sever, transfer, and stay. The court orders that the claims against Mishan be severed from the claims against the Retailer Defendants. The court finds, based on the consideration of both private and public interest factors in this case, that the Southern District of New York is a more convenient forum than this district for the claims against Mishan. Thus, the court orders that the severed claims against Mishan be transferred to the Southern District of New York. Further, the court orders that, in the interests of justice, the remaining claims against the Retailer Defendants, Amazon and Academy, be stayed in this court pending resolution of the action against Mishan in the transferred case. The court orders the Retailer Defendants to file a stipulation with the court within fourteen days of this order agreeing to be bound by the rulings of the suit against Mishan in the Southern District of New York.

    IT IS SO ORDERED.

    SIGNED this 18th day of March, 2010.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE